ALLACCESS LAW GROUP
Irene Karbelashvili, SBN 232223
irene@allaccesslawgroup.com
Irakli Karbelashvili, SBN 302971
irakli@allaccesslawgroup.com
19 North Second Street, Ste 205
San Jose, CA 95113
Telephone: (408) 295-0137
Fax: (408) 295-0142

Attorneys for SHELBY GAIL HEIFETZ, Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELBY GAIL HEIFETZ,<br><br>    Plaintiff,<br><br>vs.<br><br>PRITAM GREWAL, an individual; MANJEET GREWAL, an individual; KISHORE LAL, an individual, RAJESH LAL, an individual and GURDIP FOHI, an individual, collectively dba Super Liquor and Gas; and DOES 1-10, Inclusive,<br><br>    Defendants. | Case No. 18-cv-05889<br><br>*Civil Rights*<br><br>**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO BLIND PERSONS, PER FEDERAL AND CALIFORNIA STATUTES (INCLUDING CIVIL CODE §§ 51, 52, 54, 54.1, AND 54.3; HEALTH & SAFETY CODE § 19955 *ET SEQ*; AND CALIFORNIA BUSINESS AND PROFESSIONS CODE §§17200, 17500 *ET SEQ*); INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990**<br><br>**DEMAND FOR JURY TRIAL** |

## I. INTRODUCTION

Plaintiff SHELBY GAIL HEIFETZ ("Plaintiff" or "Ms. Heifetz") brings this civil rights action against Defendants PRITAM GREWAL, an individual; MANJEET GREWAL, an individual; KISHORE LAL, an individual, RAJESH LAL, an individual and GURDIP FOHI, an individual, collectively dba Super Liquor and Gas; and DOES 1 through 10 (collectively "Defendants"), for failing to make the gas station and its adjacent facilities, including, but not limited to, parking areas and paths of travel, commonly known as Super Liquor and Gas and located at or around 2714 Willow Pass Rd, Concord, CA 94519, accessible to individuals who are legally blind, in violation of the Americans with Disabilities Act ("ADA") 42 U.S.C.§§ 12181-12189 and supplemental California statutes. Plaintiff seeks declaratory and injunctive relief requiring Defendants to remove architectural barriers at their public accommodation, statutory damages, general damages, and attorneys' fees, costs, and litigation expenses.

## II. JURISDICTION AND VENUE

1. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, for ADA claims.

2. This court has supplemental jurisdiction for claims brought under parallel California law, arising from the same nucleus of operative facts, predicated on 28 U.S.C. § 1367.

3. Plaintiff's claims are authorized by 28 U.S.C. §§2201 and 2202 and 42 U.S.C. § 12188.

4. All of Defendants' actions complained of herein have taken place within the jurisdiction of the United States District Court for the Northern District of California. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

## III. INTRADISTRICT ASSIGNMENT

5. This case should be assigned to the Oakland/San Francisco intradistrict as the real property which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

## IV. PARTIES

6. Ms. Heifetz is a qualified physically disabled person with a physical "disability" as defined by Department of Justice regulation 28 C.F.R. § 36.104 and Gov. Code, § 12926. Ms. Heifetz has been legally blind since birth and is unable to use portions of public facilities which are not accessible to disabled persons, including those who use a white cane when ambulating. Ms. Heifetz was denied her rights to full and equal access at Defendants' public accommodation

and was denied her civil rights under both California law and federal law, because these facilities were not, and are not now, properly accessible to physically disabled individuals, including those who are blind. Ms. Heifetz possesses a disabled parking placard issued by the State of California and reads braille signage. Ms. Heifetz is, and at all times relevant hereto was, a resident of Contra Costa County.

7. Defendants PRITAM GREWAL, an individual; MANJEET GREWAL, an individual; KISHORE LAL, an individual, RAJESH LAL, an individual and GURDIP FOHI, an individual, collectively dba Super Liquor and Gas; and DOES 1-10, Inclusive, are owners, operators, managers, trustors, lessors and/or lessees of the real property, gas station, and its adjacent facilities, including, but not limited to, parking areas and paths of travel, referenced above (hereinafter the "Gas Station"). The Gas Station is a public accommodation as defined under Title III of the ADA, 42 U.S.C.A. § 12181(7)(F), and California civil rights laws. Civ. Code, § 51 *et seq.*, and Health & Safety Code § 19955 *et seq*. The Gas Station is open to the public, intended for nonresidential use and its operation affects commerce.

8. Does 1 through 10 are sued under their fictitious names because Ms. Heifetz is unaware of their true identities. Leave to amend will be sought when their true identities are learned. Plaintiff alleges on information and belief that Does 1 through 10 are legally responsible for the wrongdoing alleged herein.

## V. FACTS

9. On or about August 15, 2018 Ms. Heifetz, her boyfriend, and their roommate stopped over at the Gas Station to get gas. Ms. Heifetz decided to use the customer restroom. The experience turned out to be a total nightmare. First, there were no truncated domes for orientation whatsoever. Ms. Heifetz made it to the entry door only to find that it was extremely heavy and closed so fast that it hit her.

10. Navigating to the bathroom was its own challenge. It was in a weird back corner lined with boxes on the floor that Ms. Heifetz's toes kept catching on. Ms. Heifetz searched the walls for Braille beside the door to no avail. Ms. Heifetz later found that there was Braille on the door, though that always makes her unconformable because she is concerned that someone will accidentally open the door on her or come out and walk right into her. On top of all of this, the customer bathroom door itself had a twisting knob which is much harder for Ms. Heifetz to operate while using her cane. The door ended up being much like the front door, very heavy and

closing so fast it managed to hit Ms. Heifetz as she squeezed through. This disastrous endeavor made Ms. Heifetz feel very frustrated, uncomfortable and stripped of her independence.

11. The whole experience was only made worse by the cashier, Defendants' agent/employee, insisting to Ms. Heifetz that she needed to be guided by her roommate, as if Ms. Heifetz's roommate was her handler, talking directly to the roommate instead of addressing Ms. Heifetz whatsoever. The cashier asked the roommate if Ms. Heifetz had vision problems instead of asking Ms. Heifetz directly and then proceeded to tell the roommate that they NEED to help Ms. Heifetz , seeming to have no intention of acknowledging Ms. Heifetz directly or helping her himself in any way. Ms. Heifetz does not deserve to be treated this way. It is unacceptable and Ms. Heifetz does not want any other disabled individuals to have to go through what she went through.

12. Before filing this lawsuit, Plaintiff's legal representative also had a CASp-certified access consultant do an informal investigation of the Gas Station's premises. While he could not make detailed measurements, he determined that the Gas Station was also inaccessible in multiple other ways, including, but not limited to, the following:

- No path from public right of way
- No tow away information
- Path of travel from parking has tripping hazards (at front entrance pad)
- No van accessible signage
- Access aisle painted white
- No "No parking" stamped on the surface of access aisle
- International symbol of accessibility on parking is not placed to be visible when a car is using the stall
- No exit signs with Braille
- Protruding items
- No directional signage
- No latch door sign with braille at bathroom door

13. These barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant, per the 9th Circuit's standing standards under Doran v. 7-Eleven, Inc. (9th Cir. 2008) 524 F.3d 1034, Chapman v. Pier 1 Imports (U.S.)

COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES
*[Case No. 18-cv-05889]* - 4

Inc. (9th Cir. 2011) 631 F.3d 939, and the General Order 56 requirements for Northern District of California "ADA" Title III cases. The Gas Station must be brought into compliance with all applicable federal and state code requirements, according to proof.

14. To date, Defendants have refused to make the Gas Station's facilities, including the restroom facilities, accessible to Plaintiff or bring them into compliance with ADA Architectural Guidelines ("ADAAG"). Defendants knew that these areas were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled. Moreover, Defendants have the financial resources to remove these barriers from the Gas Station's premises (without much difficulty or expense), and make the facility accessible to the visually impaired/legally blind. In that regard, Defendants could have but did not avail themselves of the tax deduction and tax credits provided by Internal Revenue Services ("IRS") codes 44 and 190, which apply to the costs of barrier removal.

## VI. FIRST CAUSE OF ACTION

### Americans with Disabilities Act of 1990 - Title III USC §12101 *et seq*.

### (Against All Defendants and each of them)

15. Plaintiff incorporates the allegations contained in paragraph 1 through 14 of this complaint for this claim.

16. Title III of the ADA holds as a 'general rule' that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182 (a).

17. Defendants discriminated against Plaintiff by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations provided by the Gas Station.

18. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12] 82 (b) (2) (A) (iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense" 42 U.S.C.A. § 12182(9).

19. Here, Plaintiff alleges that Defendants can easily remove the architectural barriers without much difficulty and expense, and that Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

20. The ADA also requires reasonable modifications in policies, practices, or procedures,

COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES

*[Case No. 18-cv-05889]* - 5

when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C.A. § 12182(b) (2) (A) (ii).

21. Here, Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Gas Station, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these good, services, facilities, or accommodations.

22. Plaintiff seeks all relief available under the ADA (i.e., injunctive relief, attorneys' fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

23. Plaintiff also seeks a finding from this Court (i.e., declaratory relief) that Defendants violated the ADA in order to pursue damages under California's Unruh Civil Rights Act and Disabled Persons Act.

## VII. SECOND CAUSE OF ACTION

### Health & Safety Code, § 19955 *et seq*.

#### *(Against All Defendants and each of them)*

24. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 23 of this Complaint, and incorporates them herein as if separately repled.

25. Health & Safety Code, § 19955 *et seq.* was enacted "[t]o ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with §4450) of Division 5 of Title 1 of the Government Code." Such public accommodations are defined as any "building, structure, facility, complex, or improved area that is used by the general public...," and includes Gas Stations and related sanitary facilities, shopping centers and related sanitary facilities, and curbs and sidewalks intended for public use. Health & Safety Code, § 19955.

26. Plaintiff alleges that the Gas Station underwent construction and/or alterations after January 1, 1982 that triggered access requirements under Title 24-2. Pursuant to Title 24-2, compliance with disabled access building standards and specifications is required whenever public accommodations, such the Gas Station and its related facilities, undergo an "alteration, structural repair or addition."

27. Since a violation of state or federal law, including California Health and Safety Code, is

also a violation of the Business & Professions Code, § 17200, pursuant to the remedies, procedures, and rights set forth in Business & Professions Code, § 17200, Plaintiff prays for judgment as set forth below.[1]

## VIII. THIRD CAUSE OF ACTION- CALIFORNIA BUSINESS AND PROFESSIONS CODE (UNFAIR, UNLAWFUL, DECEPTIVE BUSINESS PRACTICES and FALSE ADVERTISING)

**Business & Professions Code, §§ 17200, 17500** *et seq.*

*(Against all Defendants and each of them)*

28. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 27 of this Complaint, and incorporates them herein as if separately repled.

29. Defendants engage in business practices, offer their goods and services for sale, and advertise their business within the jurisdiction of the state of California. As such, Defendants, and each of them, have a duty to comply with the provisions of the Unfair Business Practices Act set forth in § 17200, *et seq.,* of the Business and Professions Code.

30. The Unfair Business Practices Act prohibits, inter alia, unlawful, unfair, or fraudulent business acts or practices and unfair, deceptive, untrue, or misleading advertising by any person, firm, corporation, or association within the jurisdiction of the State of California.

31. The conduct previously alleged violated the Unfair Business Practices Act, including § 17200 of the Business & Professions Code, in that Defendants have represented that their goods and services are available to all members of the general public, when in fact, Defendants deny full and equal access to their goods and services to disabled individuals that are blind by reason of Defendants' failure to comply with their legal obligations under the Unruh Act, Disabled Persons Act, Health and Safety Code and the American's with Disabilities Act as alleged herein.

32. Plaintiff also alleges that since Defendants engage in business practices, offer their goods and services for sale, and advertise their goods and services within the jurisdiction of the state of California, Defendants have a duty to comply with the provisions of the False Advertising Practices Act set forth in §§ 17500, *et seq.,* of the Business and Professions Code.

33. The False Advertising Practices Act prohibits, inter alia, disseminating, making, or

---

[1] Note: Plaintiff is not invoking Health & Saf. Code, § 19953 for purposes of injunctive relief or attorney's fees.

causing to be made, any statement concerning goods and services which is known, or with the exercise of reasonable care should be known, to be untrue or misleading, by any corporation or employee thereof.

34. The previously alleged conduct of Defendants violates the False Advertising Act, including § 17500 of the Business and Professions Code, in that said Defendants have represented that their goods and services are available to all members of the general public, when, in fact, said Defendants deny full and equal access to such goods and services to disabled individuals that are blind by reason of Defendants' failure to comply with their legal obligations under the Unruh Act, Disabled Persons Act, Health and Safety Code and the Americans with Disabilities Act.

35. Plaintiff seeks injunctive relief and restitution to restore to her any money that Defendants obtained by means of such unfair competition, including profits unfairly obtained to the extent that these profits represent monies give to the Defendants by Plaintiff.

## IX. FOURTH CAUSE OF ACTION- CALIFORNIA DISABLED PERSONS ACT
### Civil Code, § 54 *et seq*.
### (Against All Defendants and each of them)

36. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 35 of this Complaint, and incorporates them herein as if separately repled.

37. Civ. Code, § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

38. Civ. Code, § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

39. Both sections specifically incorporate (by reference) an individual's rights under the ADA. See Civ. Code, §§ 54(c), 54.1(d).

40. Here, Defendants discriminated against the physically disabled public - including Plaintiff by denying them full and equal access to Gas Station. Defendants also violated Plaintiff's rights under the ADA, and, therefore, infringed upon or violated (or both) Plaintiff's rights under the Disabled Persons Act.

41. For each offense of the Disabled Persons Act, Plaintiff seeks actual damages' (both general and special damages), and not less than the statutory minimum damages of one thousand dollars ($1,000) for each offense, declaratory relief, and any other remedy available under Civ. Code, § 54.3. Plaintiff also seeks to recover reasonable attorneys' fees incurred, under Civ. Code, § 54.3.

## X. FIFTH CAUSE OF ACTION- CALIFORNIA UNRUH CIVIL RIGHTS ACT
### Civ. Code, § 51 *et seq.*
### *(Against All Defendants and each of them)*

42. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 41 of this Complaint, and incorporates them herein as if separately repled.

43. Civ. Code, § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

44. Civ. Code, § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

45. Civ. Code, § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

46. Defendants' aforementioned acts and omissions denied the physically disabled public, including Plaintiff, full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of her physical disability).

47. These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

48. Plaintiff was damaged by Defendants' wrongful conduct, and seeks actual damages but not less than the statutory minimum damages of four thousand dollars ($4,000) for each offense.

49. Plaintiff also seeks to enjoin Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under Civ. Code, § 52(a).

# XI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

1. That this Court issue an injunction[2] pursuant to Title III of the ADA and §§ 17203, 17535, *et seq.,* of the Business and Professions Code:

    a. Ordering Defendants to alter their facilities to make such facilities readily accessible to and usable by individuals with disabilities;

    b. Prohibiting operation of Defendants' public accommodations and facilities until they provide full and equal access to physically disabled persons, and requiring that such access be immediately provided; and

    c. Appropriate changes in policy.

2. That this Court award general, compensatory, and statutory damages pursuant to the Unruh Act or, in the alternative, the Disabled Persons Act, in an amount within the jurisdiction of this court, and that these damages be trebled according to statute;

3. Restitution pursuant §§ 17203, 17535 of the Business and Professions Code to restore to her any money that Defendants obtained by means of such unfair competition, including profits unfairly obtained to the extent that these profits represent monies give to the Defendants by Plaintiff;

4. That this Court award special and consequential damages according to proof;

5. That this Court award attorneys' fees, litigation expenses and costs of suit, pursuant to Title III of the ADA, 42 U.S.C.A. § 12205; Civ. Code, §§ 52, 54.3; and Code Civ. Proc., § 1021.5;[3] and

6. Such other and further relief as the Court may deem just and proper.

Dated: September 24, 2018      */s/ Irene Karbelashvili*
                               Irene Karbelashvili, Attorney for Plaintiff
                               SHELBY GAIL HEIFETZ

---

[2] Plaintiff is only seeking an injunction under Title III of the ADA and California Business and Professions Code.
[3] Plaintiff is <u>not</u> seeking attorney's fees and costs under Civ. Code, § 55 or Health & Saf. Code, § 19953.

COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES
*[Case No. 18-cv-05889]* - 10

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: September 24, 2018      */s/ Irene Karbelashvili*
                                           Irene Karbelashvili, Attorney for Plaintiff
                                           SHELBY GAIL HEIFETZ